MARK WAYNE WOOD

v.

COMMONWEALTH OF VIRGINIA

No. 2260-93-4

Decided February 14, 1995

COUNSEL

(Jay K. Wilk, Assistant Public Defender, on brief), for appellant. Appellant submitting on brief.

John H. McLees, Jr., Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—On July 1, 1993, Mark Wayne Wood (appellant) was convicted in a jury trial of grand larceny in violation of Code § 18.2-95 and was sentenced to fifteen years confinement in the penitentiary. On appeal, he argues that the trial court erred in failing to set aside the jury verdict and grant a new trial based upon juror misconduct. Finding no error, we affirm.

After appellant's trial, John Acree (Acree), an attorney who was present during the trial, met one of the jurors at a local gym. Acree initiated a conversation with the juror and commented that appellant had received a "big sentence." In response, the juror told him that another juror

> had a relative or had known someone who had gotten a tenyear penitentiary sentence, and serve[d] two years of the sentence, and told the rest of the jurors that. And, that they arrived at the fifteen-year sentence because they wanted Mr. Wood to serve three.

> They wanted him to serve three years, and figured that they had to give him fifteen in order to get him to serve the three.

The juror who related the parole experience did not claim any special knowledge of how the Department of Corrections or the parole system worked but rather limited any discussion to his personal experience.

The trial court denied appellant's motion to set aside the verdict and stated in a October 1, 1993 letter opinion: "[T]he average juror is aware that some type of further consideration will usually be given to the sentence imposed. . . . There was no testimony that the juror told the others that he was familiar with parole and how it worked." (citation omitted).

We hold that this case is controlled by *Jenkins v. Commonwealth*, 244 Va. 445, 423 S.E.2d 360 (1992), *cert. denied*, 113 S. Ct. 1862 (1993). Although *Jenkins* was a capital murder case, the facts regarding juror discussions about the impact of parole on a possible sentence are indistinguishable from those established by the evidence in this case. Jenkins contended in a post-trial motion that the jury panel had improperly discussed that he would be eligible for parole in ten years if given life sentences. *Id.* at 460,

423 S.E.2d at 370. The jury imposed death sentences. *Id.* at 461, 423 S.E.2d at 370.

In *Jenkins*, the Supreme Court of Virginia upheld the trial court's refusal to recall the jurors and stated:

"Virginia has been more careful than most states to protect the inviolability and secrecy of jurors' deliberations. We have adhered strictly to the general rule that the testimony of jurors should not be received to impeach their verdict, especially on the ground of their own misconduct." "Generally, we have limited findings of prejudicial juror misconduct to activities of jurors that occur *outside* the jury room." . . . In the present case, however, any alleged misconduct, if it occurred, was clearly within the confines of the jury room. Thus, a post-trial investigation into the allegations was unwarranted.

*Id.* at 460, 423 S.E.2d at 370 (emphasis added) (citations omitted). *See also Caterpillar Tractor Co. v. Hulvey*, 233 Va. 77, 83, 353 S.E.2d 747, 751 (1987) (holding that juror misconduct was not sufficient to set aside the verdict when one juror told the others he was a lawyer, commented that the case was "garbage," and read a magazine article to the jury during deliberations).

■ Outside influences that have warranted investigation into juror misconduct or reversal of a jury verdict include: (1) photographs not admitted into evidence that were taken into the jury room, *Brittle v. Commonwealth*, 222 Va. 518, 522-23, 281 S.E.2d 889, 890-91 (1981); (2) an almanac consulted by a juror who reported his findings to the jury during deliberations, *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 209, 361 S.E.2d 436, 448 (1987); and (3) an unauthorized view of the crime scene by the jury, *Crockett v. Commonwealth*, 187 Va. 687, 707, 47 S.E.2d 377, 387 (1948).

Appellant relies on *Harris v. Commonwealth*, 13 Va. App. 47, 408 S.E.2d 599 (1991), a case that is factually distinguishable. In *Harris*, the alleged misconduct occurred when "one of the male members of the jury indicated he was associated in some fashion with the Department of Corrections and proceeded to explain to the jury how the parole system would come into play with regard to various sentences that the jury was considering." *Id.* at 49, 408

S.E.2d at 599. We specifically found this explanation to be evidence, *aliunde*: "It was not a mere expression of opinion or argument by a juror . . . . [I]t was a specific factual assertion, expressed authoritatively and in the context of particular personal knowledge and experience." *Id.* at 52-53, 408 S.E.2d at 601. In the instant case, the juror merely expressed his opinion based on the parole experience of a friend or relative.

For the reasons stated above, the conviction is affirmed.

*Affirmed.*

Willis, J., and Bray, J., concurred.